Form No. 3 (Pg. 1)

B 104
(Rev. 2/92)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

**PLAINTIFFS**
NOREEN WISCOVITCH RENTAS, in her capacity as Trustee of the Estate of DEE PRODUCE CORPORATION

**DEFENDANTS**
FISH FARMS PARTNERSHIP

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
ENRIQUE N. VELA COLÓN, ESQ.
PO Box 363805
San Juan, PR 00936-3805
Tel. (787) 775-0216

**ATTORNEYS** (if Known)

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is an adversary proceeding to recover money under Sections 542, 546, 547, 548, 549 and6or 550 of the Bankruptcy Code.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☒ 454 To Recover Money or Property
☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action

☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 457 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 434 To obtain an injunction or other equitable relief
☐ 498 Other (specify)

☐ 424 To object or to revoke a discharge 11 U.S.C. §727
☐ 458 To subordinate any allowed claim or interest except where such subordination is provided in a plan

**ORIGIN OF PROCEEDINGS** (Check one box only.)
☒ 1 Original Proceeding
☐ 2 Removed Proceeding
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND**  NEAREST THOUSAND  $ 21,900.00
**OTHER RELIEF SOUGHT**
☐ JURY DEMAND

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

NAME OF DEBTOR: DEE PRODUCE CORPORATION
BANKRUPTCY CASE NO.: 2004-10488

DISTRICT IN WHICH CASE IS PENDING: Puerto Rico
DIVISIONAL OFFICE:
NAME OF JUDGE: Gerardo A. Carlo

**RELATED ADVERSARY PROCEEDING (IF ANY)**

PLAINTIFF: N/A
DEFENDANT: N/A
ADVERSARY PROCEEDING NO.: N/A

DISTRICT: N/A
DIVISIONAL OFFICE: N/A
NAME OF JUDGE: N/A

**FILING FEE** (Check one box only.)  ☒ FEE ATTACHED  ☐ FEE NOT REQUIRED  ☐ FEE IS DEFERRED

DATE: March 28, 2007
PRINT NAME: Enrique N. Vela Colón
SIGNATURE OF ATTORNEY (OR PLAINTIFF): [signature]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the matter of:<br><br>DEE PRODUCE CORPORATION<br><br>DEBTOR | CASE NO. 2004-10488 (GAC)<br><br>CHAPTER 7 |
| NOREEN WISCOVITCH RENTAS, as Trustee for the Estate of DEE PRODUCE CORPORATION<br>PLAINTIFF<br><br>vs<br><br>FISH FARMS PARTNERSHIP<br><br>DEFENDANT | ADV. NO. 2007- |



## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, NOREEN WISCOVITCH RENTAS, Trustee for the estate of DEE PRODUCE CORPORATION, represented by her undersigned attorney and very respectfully alleges, shows and prays:

1. This adversary proceeding is brought pursuant to Section 704, 542, 544, 546, 547, 548, 549 and 550 of Title 11, United States Code and Bankruptcy Rule 7001.

2. Jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 157 and 1334.

3. That this action constitute a core proceeding under the provisions of 28 U.S.C. 157(b) (2).

4. That the appearing Trustee was appointed Trustee in

Page 1 of 5

this case, is qualified and presently serving as such and, therefore, is the real party in interest as Plaintiff in this proceeding. (Docket #341)

5. This adversary proceeding relates to the herein above captioned case, which was commenced upon the filing of a Voluntary Petition under Chapter 11 of the Bankruptcy Code on October 12, 2004, and later converted to one under Chapter 7 of the Bankruptcy Code on March 31, 2006 (Docket #343).

6. That Defendant, FISH FARMS PARTNERSHIP, is a partnership with principal offices in #555 Fish Farm Way, Newport, Tennessee. This Defendant will be hereinafter referred to as "FISH FARMS".

7. That Debtor was insolvent as of the time that all the transfers of property of the estate subject of all the causes of action below were made.

8. That within 90 days immediately preceding the date of the filing of the petition for relief referred to before, Debtor, DEE PRODUCE CORPORATION, transferred money to Defendant, "FISH FARMS", in the amount of $21,919.00. Said transfers were made by issuing checks payable to the order of Defendant, "FISH FARMS", and/or other forms of payments from Debtor's account at Doral Bank.

9. That the above referred to transfers were made by

Debtor to or for the benefit of Defendant; for or on account of an antecedent debt owed by the Debtor before such transfers were made; made while the Debtor was insolvent; made on or within 90 days before the date of the filing of the petition for relief referred to before; and enabled Defendant to receive more than they would receive in a case under Chapter 7 of the Bankruptcy Code if the transfers had not been made; and such Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

10. That to the best information and/or belief, all of the transfers made, were made by Debtor for the benefit of or on account of Defendant.

11. In the alternative, if it is determined that Defendant was not a creditor, at the time the transfers were made, said transfers are fraudulent, were made with actual intent to hinder, delay, or defraud its creditors and/or without Debtor receiving any consideration or reasonably equivalent value in exchange for such transfer.

12. That said transfers of money of Debtor to Defendant are voidable and recoverable by the Trustee under the provisions of 11 U.S.C. 542, 544, 547, 548, 550 and other dispositions of the Bankruptcy Code and therefore, must be

avoided as a matter of law and Defendant ordered to return said amounts to the Trustee.

13. That the Trustee, pursuant to the powers granted under §547(b), 548 and §550 of the Bankruptcy Code, hereby requests that this Honorable Court enters Judgment ordering Defendant to pay the Trustee the sum of $21,919.00 for moneys transferred to Defendant for or on account of an antecedent debt owed by the Debtor before such transfers were made; made while the Debtor was insolvent; made on or within ninety days before the date of the filing of the petition for relief referred to before, which enabled Defendant to receive more than such creditors would receive in a case under Chapter 7 of the Bankruptcy Code if the transfers had not been made; and such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code and/or that said transfers were fraudulently made with actual intent to hinder, delay or defraud its creditors.

WHEREFORE, based on the foregoing, Plaintiff respectfully prays that Judgment be entered for Plaintiff against Defendant, finding that, (1) all transfers of money as alleged herein in this Complaint are void and null; (2) that Defendant owes the estate the sum of $21,919.00 and, therefore, ordering Defendant to return to the estate the sum

of $21,919.00; (3) ordering Defendant to pay the above amounts, together with Plaintiff's costs and disbursements in this action, interest and attorneys fees and (4) grant Plaintiff such further relief as is just and fair.

Respectfully submitted.

In San Juan, Puerto Rico, this 28th day of March, 2007.

ENRIQUE N. VELA COLON
U.S.D.C. - PR 126101
Attorney for Plaintiff
PO Box 363805
San Juan, PR 00936-3805
TEL. 787-775-0216
FAX. 787-706-5540
E-mail: velacolone@microjuris.com